UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

S.M.,

                Petitioner,

v.

PAMELA BONDI, *Attorney General of the United States*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, United States Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

                Respondents.

Civil No. 26-639 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Andy Taylor, Larry E. LaTarte, William M. MacKinnon Morrow, **FAEGRE DRINKLE BIDDLE & REATH LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402; Ariana Kiener, E. Michelle Drake, Jordan C. Hughes, **BERGER MONTAGUE PC**, 1229 Tyler Street Northeast, Suite 205, Minneapolis, MN 55413, for Petitioner.

Ana H. Voss, David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner S.M. is a refugee from Afghanistan, who was detained by federal officials on January 25, 2026.[1] Because Respondents are detaining Petitioner unlawfully, the Court will grant her petition for a writ of habeas corpus and order her immediate release.

## BACKGROUND

Petitioner is a refugee from Afghanistan and a resident of St. Paul, Minnesota. (Pet. Writ Habeas Corpus ¶¶ 4, 7 ("Pet."), Jan. 25, 2026, Docket No. 1.) She has not been charged with or convicted of any crimes, is not in removal proceedings, and is not subject to a removal order. (*Id.* ¶¶ 4–5.)

On January 25, 2026, S.M. was arrested at her home by U.S. Immigration and Customs Enforcement agents and detained in Minnesota. (*Id.* ¶ 4.) That same day, S.M. filed a Petition for Writ of Habeas Corpus, arguing that her detention violates the Immigration and Nationality Act, the Administrative Procedure Act, the *Accardi* Doctrine, and the Fourth and Fifth Amendments of United States Constitution. (*Id.* ¶¶ 57–89.)

On January 26, 2026, the Court ordered Respondents not to remove Petitioner from the District of Minnesota during the pendency of her habeas petition. (Docket No.

---

[1] Petitioner S.M. requests that the Court allow her to proceed using a pseudonym, arguing that it is necessary to protect her from retaliation and serious harm. (Mot. to Proceed Under Pseudonym, Jan. 26, 2026, Docket No. 8.) Respondents take no position on the motion. (Resp. at 1 n.1, Jan. 28, 2026, Docket No. 15.) Because the Court finds that Petitioner's need for anonymity outweighs countervailing interests in full disclosure, the Court will grant S.M.'s motion to proceed under a pseudonym.

4.) The Court also ordered Respondents to file an answer to the Petition by 5:00 p.m. on January 28, 2026. (*Id.*)

Also on January 28, this Court granted plaintiffs' motion for a temporary restraining order in *U.H.A. v. Bondi*, Civ. No. 26-417, 2026 WL 222226 (D. Minn. Jan. 28, 2026), a case involving the legal rights of lawful refugees like Petitioner. Among the relief the Court granted was the immediate release of all members of a "Detained Subclass," defined in the Court's order as "individuals with refugee status who are residing in the state of Minnesota, who have not yet adjusted to lawful permanent resident status, and have not been charged with any ground for removal under the Immigration and Nationality Act," and who are presently detained by the Department of Homeland Security. *Id.* at *13. The Court ordered the defendants in *U.H.A.* to release members of the Detained Subclass within five days of the date of the order—that is, by February 2, 2026. *Id.*

## DISCUSSION

Respondents argue that S.M. is subject to detention under to 8 U.S.C. § 1159(a)(1) (Resp. at 2, Jan. 28, 2026, Docket No. 15.) The Court disagrees for two reasons, and the Court will therefore grant the Petition for a Writ of Habeas Corpus.

First, after thorough review of the parties' filings, the Court concludes that the legal issues presented by S.M.'s habeas petition are subject to the same analysis the Court recently employed in *U.H.A. v. Bondi*, Civ. No. 26-417, 2026 WL 222226 (D. Minn. Jan. 28, 2026). That is, 8 U.S.C. § 1159(a)(1)'s "inspection and examination" requirement does

not permit prolonged detention of refugees who have not yet been adjusted to lawful permanent resident status and have not been charged with any ground of removability. *Id.* at *6–7. The factual record before the Court shows that S.M. is a refugee, has not been charged with or convicted of any crimes, is not in removal proceedings, and is not subject to a removal order. For these reasons, 8 U.S.C. § 1159(a)(1) does not authorize S.M.'s detention.

Second, S.M. appears to be a member of the putative Detained Subclass that this Court ordered to be released on or before February 2, 2026. The record indicates that she is an unadjusted refugee who is a resident of Minnesota, has not been charged with any ground of removability, and is presently detained by the Department of Homeland Security. *See U.H.A.*, 2026 WL 222226, at *13.

Petitioner S.M.'s Petition for a Writ of Habeas Corpus will be granted, and the Court will order her release from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner S.M.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 5:00 PM on February 2, 2026**.

    b. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 5:00 PM on February 2, 2026**.

    c. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

    d. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

    e. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 3, 2026. Respondents must separately file a status update on the docket in this case and shall not merely rely on docket filings in *U.H.A. v. Bondi*, Civ. No. 26-417.** The parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Petitioner S.M.'s Motion for Temporary Restraining Order (Docket No. [3]) is **DENIED as moot**.

3. Petitioner S.M.'s Motion to Proceed Under Pseudonym (Docket No. [8]) is **GRANTED**.


DATED: February 1, 2026  
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge

-6-